UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **OLGA GHAZAL-VERSES,** | : | |
| Plaintiff, | : | **CIVIL ACTION NO.:** |
| | : | 3:20-cv-01843 (    ) |
| v. | : | |
| | : | |
| **MULTIPLE MYELOMA RESEARCH FOUNDATION, INC.** | : | |
| | : | |
| Defendant. | : | December 14, 2020 |
| | : | |

## COMPLAINT

**I.     INTRODUCTION**

1.      The Multiple Myeloma Research Foundation, Inc. ("MMRF") fired Olga Ghazal-Verses on March 30, 2020, the same day Ms. Verses was scheduled to return to work following her protected leave under the Family Medical Leave Act as a result of her disability.

2.      Accordingly, Ms. Verses brings claims of disability discrimination, pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-60; and interference and retaliation, pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*

3.      Ms. Verses demands a jury trial on all claims so triable.

**II.    JURISDICTION AND VENUE**

4.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to the asserted claims occurred herein.

6. This Court has supplemental jurisdiction over the plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as the federal law claims.

### III. PARTIES

7. The plaintiff, Ms. Verses, resides in Bethel, New York.

8. The defendant, MMRF, is a corporation incorporated under the laws of the State of Connecticut and with its principal place of business in Norwalk, Connecticut.

9. MMRF employs more than 50 employees in Connecticut.

10. At all relevant times mentioned herein, MMRF was Ms. Verses' employer within the meaning of the ADA, the FMLA and the CFEPA.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. The plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO) alleging discrimination and retaliation.  The complaint was dual filed with the federal Equal Employment Opportunity Commission (EEOC).

12. The CHRO complaint was filed in a timely manner insofar as it was filed within 300 days of the defendant's last discriminatory and retaliatory acts against the plaintiff.

13. Ms. Verses received a Release of Jurisdiction from the CHRO, dated November 4, 2020.

14. Ms. Verses filed this Complaint within 90 days of her receipt of the Release of Jurisdiction from the CHRO.

V.    **STATEMENT OF FACTS**

    A.    **Ms. Verses Uses Her Innovation to Excel Leading the Marketing Team at MMRF.**

15.   MMRF hired Ms. Verses in October 2018 as the Communications Content Manager.

16.   Three months later, MMRF gave Ms. Verses a raise, and shortly thereafter, they increased her responsibilities and changed her title to Marketing Communications Content Manager.

17.   Ms. Verses brought new and innovative ideas to MMRF. For example, she implemented a Marketing Communications Calendar, mini-plans for large launch initiatives, and enhancements to MMRF's website.

18.   Around June 2019, Ms. Verses began reporting to Anne Quinn Young, MMRF's Chief Marketing & Development Officer. Ms. Young and Ms. Verses met very sporadically. Ms. Verses was predominantly left to manage herself and the marketing team.

19.   In or around November 2019, MMRF had hired Greg Rubenstein as its new Vice President of Marketing. He would report to Ms. Young.

20.   Ms. Verses immediately began reporting to Mr. Rubenstein. They got along well and collaborated frequently. Mr. Rubenstein gave Ms. Verses substantial autonomy on the marketing team. He expressed consistent praise and appreciation for her "stepping up" during the ever-changing landscape of the team.

21.   Mr. Rubenstein told Ms. Verses to continue to lead and manage the team, and, in turn, she "would be recognized for it."

22.   MMRF never disciplined Ms. Verses during her term of employment.

**B.      Ms. Verses Goes Out on Protected Medical Leave. MMRF Terminates Her for Pretextual Reasons the Same Day She is Scheduled to Return to Work.**

23.   Ms. Verses suffers from Irritable Bowel Syndrome.

24.   On or about February 21, 2020, Ms. Verses began experiencing stabbing pain in her stomach. She emailed Ms. Young to inform her that she was seeking medical treatment, likely related to her IBS, a disability MMRF was aware of.

25.   A CAT scan, though, revealed a ventral wall hernia and nodules on her lungs. The results of additional testing showed that Ms. Verses needed surgery to repair the ventral wall hernia.

26.   Ms. Verses requested protected medical leave from MMRF pursuant to the Family Medical Leave Act. She completed all necessary paperwork for her medical leave.

27.   Ms. Verses had surgery on March 2.

28.   Following her surgery, Ms. Verses communicated with Ms. Young and her assistant Yolanda, as well as Mr. Rubenstein and Ms. Bottazzi, to keep MMRF apprised of her medical condition and her anticipated return to work on March 30.

29.   On March 25, in anticipation of her return to the office, Ms. Verses reached out to Mr. Rubenstein to schedule a time to connect.

30.   Two days later, Ms. Young invited Ms. Verses to a "Touch Base" video conference on Monday, March 30 at 8:30 am.

31.   During the video conference, Ms. Bottazzi and Ms. Young told Ms. Verses she was "not meeting the expectations" of her position and that she therefore was terminated.

32.   Afterwards, Ms. Bottazzi sent Ms. Verses a two-page termination letter detailing purported performance deficiencies going back over a year.

33. The letter mischaracterized a meeting with Ms. Young and Mr. Rubenstein as a "preliminary performance review" which focused on "a consistent lack of follow through and ownership" of her work. This was troubling to Ms. Verses as she was never formally or informally reviewed, disciplined, or warned about her work performance.

34. To the contrary, each of her direct supervisors during her employment with MMRF were nothing but complimentary of her and her work product.

***

V. **LEGAL CLAIMS**

**FIRST CLAIM FOR RELIEF:**
**DISCRIMINATION,**
**IN VIOLATION OF THE CFEPA,**
**CONN. GEN. STAT. § 46a-60(b)(1)**

35. The plaintiff incorporates by reference all preceding allegations in this Complaint.

36. Ms. Verses' disability was a motivating factor in MMRF's decision to take one or more adverse employment actions against her.

37. MMRF's unlawful conduct was committed willfully or with reckless disregard for Ms. Verses' right to be free from disability discrimination.

38. As a result of MMRF's conduct, Ms. Verses suffered damages and claims punitive damages.

## SECOND CLAIM FOR RELIEF:
## DISCRIMINATION,
## IN VIOLATION OF THE AMERICANS WITH
## DISABILITIES ACT AMENDMENTS ACT OF 2008,
## 42 U.S.C. § 12101

39. The plaintiff incorporates by reference all preceding allegations in this Complaint.

40. Ms. Verses' disability was a but-for cause of MMRF's decision to take one or more adverse employment actions against her.

41. MMRF's unlawful conduct was committed willfully or with reckless disregard for Ms. Verses' right to be free from disability discrimination.

42. As a result of MMRF's conduct, Ms. Verses suffered damages and claims punitive damages.

## THIRD CLAIM FOR RELIEF:
## RETALIATION, IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT,
## 29 U.S.C. § 2615

43. The plaintiff incorporates by reference all preceding allegations in this Complaint.

44. Ms. Verses exercised rights protected by the FMLA insofar as she requested FMLA leave from MMRF.

45. Ms. Verses was qualified for the employment position she held with MMRF before she was terminated.

46. Ms. Verses suffered one or more adverse employment actions.

47. Ms. Verses' exercise of her rights under the FMLA was a but-for cause of MMRF's decision to take one or more adverse employment actions against her.

48. As a result of MMRF's retaliation against Ms. Verses' exercise of her rights under the FMLA, Ms. Verses suffered damages.

### FOURTH CLAIM FOR RELIEF:
### INTERFERENCE, IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2615

49. The plaintiff incorporates by reference all preceding allegations in this Complaint.

50. Ms. Verses exercised rights protected by the FMLA insofar as she requested return to the same or substantially the same position following her FMLA leave from MMRF.

51. Ms. Verses was entitled to reinstatement to the position she held with MMRF before she took FMLA leave.

52. Ms. Verses suffered one or more adverse employment actions, namely, MMRF did not return her to the same or substantially the same position following her FMLA leave.

53. MMRF's failure to reinstate Ms. Verses to the position she held before she took FMLA leave was an interference with her rights.

54. As a result of MMRF's interference with Ms. Verses' rights under the FMLA, Ms. Verses suffered damages.

* * *

WHEREFORE, Ms. Verses seeks the following remedies:

1. An award of back pay, front pay and other economic losses incurred, including bonuses, benefits, interest, and other consequential damages;

2. Compensatory damages for emotional distress, loss of reputation, and other non-economic damages;

3. An award of liquidated damages under the federal FMLA;

4. An award of punitive damages under the ADA and the CFEPA;

5. An award of reasonable attorney's fees and costs; and

6. Such other relief as may be just and equitable.

> **RESPECTFULLY SUBMITTED,**
> **THE PLAINTIFF,**
> **OLGA GHAZAL-VERSES**
>
> By: /s/ *Amanda M. DeMatteis*
> Amanda M. DeMatteis *(ct29413)*
> Joshua R. Goodbaum *(ct28834)*
> Elizabeth J. Lee *(ct30652)*
> GARRISON, LEVIN-EPSTEIN
>   FITZGERALD & PIRROTTI, P.C.
> 405 Orange Street
> New Haven, CT  06511
> Tel.: (203) 777-4425
> Fax: (203) 776-3965
> adematteis@garrisonlaw.com
> jgoodbaum@garrisonlaw.com
> elee@garrisonlaw.com

**Please enter our appearances on behalf of the plaintiff in this matter.**